1  BRUCE D. GOLDSTEIN #135970
   County Counsel
2  KARA A. ABELSON #279320
   Deputy County Counsel
3  County of Sonoma
   575 Administration Drive, Room 105A
4  Santa Rosa, California 95403
   Telephone: (707) 565-2421
5  Facsimile: (707) 565-2624
   E-mail: kara.abelson@sonoma-county.org
6

7  Attorneys for Defendant
   COUNTY OF SONOMA
8  (erroneously sued as "Sonoma County Sheriffs
   Department, the Sonoma County Board of Supervisors,
9  the Sonoma County District Attorney's Office")

10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12

13

14 | BRIAN BEST,                                    Case No. CV-19-2252-YGR

15 |        Plaintiff,                              **DEFENDANT COUNTY OF SONOMA'S
                                                    NOTICE OF MOTION AND MOTION TO
16 | vs.                                            DISMISS AMENDED COMPLAINT, OR, IN
                                                    THE ALTERNATIVE, FOR A MORE
17 | JOHN DOE (SHERIFF'S DEPUTY),                   DEFINITE STATEMENT;
     THE SONOMA COUNTY SHERIFFS                     MEMORANDUM OF POINTS AND
18 | DEPARTMENT, THE SONOMA                         AUTHORITIES IN SUPPORT THEREOF**
     COUNTY BOARD OF SUPERVISORS,
19 | THE SONOMA COUNTY DISTRICT                     Date:       October 15, 2019
     ATTORNEY'S OFFICE,                             Time:       2:00 p.m.
20 |                                                Courtroom:  1, 4th Floor
            Defendants.                             Judge:      Hon. Yvonne Gonzalez Rogers
21 | _____/

22        TO PLAINTIFF BRIAN BEST:

23        PLEASE TAKE NOTICE THAT on October 15, 2019, at 2:00 p.m., or as soon thereafter

24 as the matter may be heard in the above-entitled Court located at 1301 Clay Street, Oakland,

25 California, Defendant COUNTY OF SONOMA will and hereby does move this Court for an

26 order granting dismissal of the claims alleged against it in the Amended Complaint filed by

27 Plaintiff BRIAN BEST on August 16, 2019, or, in the alternative, for an order requiring Plaintiff

28 to provide a more definite statement of his Amended Complaint.

This Motion is brought pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and Rule 12(e), and is warranted based on the following separate and independent grounds:

**STATEMENT OF ISSUES TO BE DECIDED:**

1. Plaintiff's Amended Complaint fails state a claim against the County upon which relief may be granted.

2. Plaintiff's state law claims are time barred for failure to comply with California Government Code §911.2 and §911.4.

3. Plaintiff's state law claims for negligence, assault and battery, and violation of California Penal Code §§149, 206 and 243(d) fail to state a claim upon which relief can be granted because the Complaint does not identify a statutory exception to the general immunity provided to public entities pursuant to California Government Code §815.

4. Plaintiff's federal constitutional claims brought pursuant to 42 U.S.C. §1983 are barred by the statute of limitations.

5. Plaintiff's federal constitutional claims brought pursuant to 42 U.S.C. §1983 fail to state a claim upon which relief can be granted because Plaintiff did not allege facts demonstrating municipal liability for the alleged constitutional violations.

6. The Amended Complaint is so vague and ambiguous that Defendant cannot reasonably prepare a response because it cannot be ascertained what legal claims are being made against Defendant and on what grounds.

This Motion is based on the attached Memorandum of Points and Authorities in support thereof, the accompanying Request for Judicial Notice, the papers and pleadings on file herein, and on such further arguments or evidence as may be presented prior to adjudication of the motion.

Dated: September 4, 2019                    BRUCE D. GOLDSTEIN, County Counsel
                                            By: /s/ Kara A. Abelson
                                            Kara A. Abelson
                                            Deputy County Counsel
                                            Attorneys for Defendant

# TABLE OF CONTENTS

Memorandum of Points and Authorities

I. Introduction ..................................................................................................1

II. Statement of Relevant Facts Alleged By Plaintiff....................................2

III. Legal Argument .........................................................................................3

    A. Defendant's Motion to Dismiss Should Be Granted Without Leave to Amend..................................................................3

        1. Legal Standards for a Rule 12(b)(6) Motion...................3

        2. Plaintiff's Amended Complaint Fails to State a Cognizable Legal Claim Against Any Defendant...............................4

        3. Plaintiff's State-Law Claims Are Time Barred ..............5

        4. Plaintiff's State Law Claims Do Not State a Viable Civil Claim Against the County..............................................6

        5. Plaintiff's Federal Constitutional Claims Are Time Barred............7

        6. Plaintiff's Complaint Fails to Allege Sufficient Facts to State a §1983 *Monell* Claim Against the County..............................8

    B. Alternatively, the Court Should Grant Defendant's Rule 12(e) Motion and Require a More Definite Statement.........................................9

        1. Legal Standards for Rule 12(e) Motion ..........................9

        2. A More Definite Statement is Necessary for Defendant to Reasonable Prepare a Response................................10

IV. CONCLUSION........................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. District Bd. of Trustees of Central Florida Comm. College*
  77 F.3d 364 (11th Cir. 1996) ...................................................................10

*Ashcroft v. Iqbal*
  129 S.Ct. 1937 (2009) ................................................................................4

*Austin v. Medicis*
  21 Cal.App.5th 577 (2018) .........................................................................7

*Barron v. Reich*
  13 F.3d 1370 (9th Cir. 1994) .....................................................................4

*Becerra v. County of Santa Cruz*
  68 Cal.App.4th 1335 (1998) .......................................................................6

*Bd. Of the Cnty. Comm'rs. Of Bryan Cnty v. Brown*
  520 U.S. 397 (1996) ..................................................................................8

*Bell Atlantic v. Twombly*
  550 U.S. 544 (2007) ..................................................................................4

*Busch v. Torres*
  905 F.Supp. 766 (C.D. Cal. 1995) .............................................................4

*City of Canton v. Harris*
  489 U.S. 378 (1989) ..................................................................................8

*Connick v. Thompson*
  563 U.S. 51 (2011) ....................................................................................8

*Del Perico v. Thornsley*
  877 F.2d 785 (9th Cir. 1989) .....................................................................7

*Erdman v. Cochise County, Arizona*
  926 F.2d 877 (9th Cir. 1991) .....................................................................9

*Fall River Joint Unified School Dist. V. Sup. Ct. (Clark)*
  206 Cal.App.3d 431 (1998) .......................................................................5

*Ferris v. City of San Jose*
  2011 WL 5574896 (N.D. Cal. Nov. 16, 2011) ..........................................4

*Harshbarger v. City of Colton*
    197 Cal.App.3d 1335 (1998) ...................................................................................6

*Johnson v. Riverside Healthcare System*
    534 F.3d 1116 (9th Cir. 2008) ................................................................................4

*Karim-Panahi v. Los Angeles Police Dept.*
    839 F.2d 621 (9th Cir. 1988) ..................................................................................6

*Marsh v. County of San Diego*
    680 F.3d 1148 (9th Cir. 2012) ................................................................................8

*Monell v. Department of Soc. Servs.*
    436 U.S. 658 (1978)............................................................................................8, 9

*Myers v. County of Orange*
    6 Cal.App.3d 626 (1970) .......................................................................................5

*Optovue Corp. v. Carl Zeiss Meditec, Inc.*,
    (N.D. Cal. Aug. 20, 2007).....................................................................................10

*Owens. v. Okure*
    488 U.S. 235 (1989)................................................................................................7

*Pacific Tel. & Tel. Co. v. County of Riverside*
    106 Cal.App. 3d 183 (1980) ...................................................................................5

*Phillips v. Girdich*
    408 F.3d 124 (2nd Cir. 2005)................................................................................10

*Sagan v. Apple Computer*
    74 F.Supp. 1072 (C.D. Cal. 1994) ........................................................................10

*State of Cal. Ex Rel. Dept. of Trans. v. Sup. Ct.*
    159 Cal.App.3d 331 (1984) ....................................................................................5

*Sullivan v. City of Sacramento*
    190 Cal.App.3d 1070 (1987) ..................................................................................6

*Swartz v. KPMG LLP*
    476 F.3d 756 (9th Cir. 2007) ..................................................................................6

*Swierkiewicz v. Sorema N.A.*
    534 U.S. 506 (2002)..............................................................................................10

*Trevino v. Gates*
      99 F.3d 911 (9th Cir. 2008) ..........................................................................8

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*
      971 F.2d 244 (9th Cir. 1992) ........................................................................4

*Usher v. City of Los Angeles*
      828 F.2d 556 (9th Cir. 1987) ........................................................................7


**Statutes**

42 U.S.C.
      Section 1983.............................................................................................7, 8, 9

California Government Code
      Section 815................................................................................................6
      Section 901................................................................................................3
      Section 911.2.........................................................................................3, 5
      Section 911.4............................................................................................5
      Section 915................................................................................................5

California Code of Civil Procedure
      Section 335.1.............................................................................................7
      Section 340(3)...........................................................................................7
      Section 352.1.............................................................................................7

Federal Rule of Civil Procedure
      Section 8(a) ...........................................................................................3, 4
      Section 8(a)(2) ..........................................................................................9
      Section 10(b)................................................................................1, 4, 7, 10
      Section 12(b)(6) ........................................................................3, 4, 5, 6, 10
      Section 12(e)........................................................................................9, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 24, 2017, Plaintiff Brian Best was arrested by two Rohnert Park police officers for burglary and taken to the County jail in Santa Rosa for booking. Plaintiff alleges that during the booking process, two deputies used an unreasonable amount of force and as a result, Plaintiff sustained injuries. Plaintiff also alleges that various County employees did not adequately respond to his requests and inquiries after the incident.

On May 29, 2019, Defendant filed a Motion to Dismiss and Motion for More Definite Statement raising several issues with Plaintiff's complaint, including that Plaintiff's claims are time barred and the complaint failed to state a viable claim against the County. *See* Dkt. No. 9, 11. Defendant also noted that Plaintiff omitted the date of the incident in the complaint and requested that in the alternative to a dismissal, the Court require Plaintiff to amend to allege the date of the incident so Defendant could assert its statute of limitations defense. In response to Defendant's Motions, Plaintiff requested leave to amend and the Court granted Plaintiff's request. *See* Dkt. No. 26, 28.

On August 16, 2019, Plaintiff filed an Amended Complaint. *See* Dkt. No. 32. The Amended Complaint fails to cure the defects in Plaintiff's original complaint and still omits the date of the incident, which is central to Defendant's statute of limitations defense. Further, it is unclear what legal claims Plaintiff is asserting and against which defendants. Defendant cannot decipher whether Plaintiff is attempting to state a claim solely against the County (erroneously identified in the caption as the Sheriff's Department, Board of Supervisors, and District Attorney's Office) or individual staff and Board Members. The Amended Complaint does not comply with FRCP Rule 10(b)'s requirement for separate counts for each claim and it is ambiguous what claims are being alleged and on what factual and legal grounds. Accordingly, the Amended Complaint is so vague and ambiguous that Defendant cannot reasonably ascertain what claims are being made against it and prepare a response.

///

## II.  STATEMENT OF RELEVANT FACTS ALLEGED BY PLAINTIFF[1]

Plaintiff's Amended Complaint alleges that he was arrested by two Rohnert Park police officers and charged with felony burglary. *See* Dkt. 32 (Amended Complaint) at p. 4, line 12 – 23. Plaintiff was then taken to "the jail in Santa Rosa, and booked in." *Id.* at. p. 4, line 23. Plaintiff was sitting in the waiting room inside the jail when he was called to the intake desk for intake questioning. *Id*. at p. 5, lines 1-5. Plaintiff was asked whether he was on probation and Plaintiff responded "I would prefer not to answer that without an attorney present." *Id*. at p. 5, lines 6-7. Plaintiff was then instructed to go back to the waiting area. *Id*. at p. 5, line 10. While walking back, the deputy shouted that Plaintiff should go to a holding cell. *Id*. at p. 5, line 11-13. Plaintiff stopped walking, turned around, and noticed that the deputy had gotten up and was walking towards him. *Id*. at p. 5, lines 14-16. The deputy then allegedly grabbed Plaintiff's right arm and pulled it "in a way in which could have eventually broken my arm or dislocated my shoulder". *Id*. at p. 5, lines 22-24. Plaintiff "did retract and untwist my arm on reflex" but quickly relaxed. *Id.* at p. 6, lines 1-3. At this point, a second deputy walked up to Plaintiff and performed a "Carotid Hold", which allegedly made Plaintiff unconscious. *Id*. at p. 6, lines 13-17. After regaining consciousness, Plaintiff was on the ground and still could not breathe due to the second deputy's arm around Plaintiff's neck. *Id*. at p. 6, line 21- p. 7, line 3. After approximately 4-6 minutes, the second deputy released his hold of Plaintiff. *Id.* at p. 7, lines 12-20. Plaintiff was handcuffed and carried into a holding cell. *Id*. at p. 7, line 20-21. Another deputy pointed a taser at Plaintiff and said "if you move, you will be tazered (sic), do you understand?" *Id*. at p. 7, line 22-24. Plaintiff alleges that the incident occurred under a surveillance camera but he is informed the surveillance system in the jail does not record. *Id*. at p. 7, lines 8-9.

After the incident, Plaintiff called the Board of Supervisors and was directed to Janell Crane to discuss the incident. *Id.* at p. 11, lines 20-23. Ms. Crane had Plaintiff meet with Kristie

---

[1] The Factual Background is taken from Plaintiff's Amended Complaint and those matters subject to Judicial Notice, as required in a Motion to Dismiss. Defendant reserves the right to contest any and all factual allegations made in the Amended Complaint should this case proceed after all Rule 12 motions have been heard and decided.

Schultz. *Id*. at p. 11, lines 23-24. Plaintiff had already meet with Sgt. Cash in person regarding the incident. *Id*. at p. 11, line 24 – p. 12, line 2. Plaintiff continued to correspond with Ms. Schultz by email. *Id*. at p. 12, lines 2-6. Plaintiff then received notice that his government tort claim has been rejected. *Id*. at p. 12, lines 6-8. In response, Plaintiff emailed Ms. Crane and she responded by inviting Plaintiff for a meeting. *Id*. at p. 12, lines 9-12.

Plaintiff was interviewed by Sgt. Cash regarding the incident as part of the Sheriff's Office's internal investigation. *Id*. at p. 12, line 17- p. 13, line 2. Plaintiff believed that Sgt. Cash was biased based on his questions. Id. Plaintiff also alleges that he had a conversation with Lt. Engram. *Id*. at p. 13, line 16 – p. 14, line 5. Lt. Engram instructed Plaintiff to contact Sgt. Cash but Plaintiff never did. *Id*.

Finally, Plaintiff alleges that the District Attorney's Office refused to accept a complaint about the incident from Plaintiff and instead, referred Plaintiff the California Attorney General's office. *Id*. at p. 14, lines 14-22. However, Plaintiff admits that the Sheriff's Office conducted an internal investigation and IOLERO (Independent Office of Law Enforcement Review and Outreach), who are the proper agencies to investigate complaints against law enforcement. *Id*. at p. 11, lines 11-16.

On October 17, 2018, over one year after the incident, Plaintiff submitted a government tort claim to the County of Sonoma. *See* Defendant's Request for Judicial Notice (Exhibit A). Plaintiff identified the date of the incident as April 24, 2017. *Id*. On October 31, 2018, a Notice of Return of Untimely Claim was mailed to Plaintiff, advising that the claim will not be accepted for consideration because it was not presented within one year of the date of accrual of the cause of action as required by Government Code Sections 901 and 911.2. *Id*. (Exhibit B). On April 25, 2019, Plaintiff filed the instant lawsuit. *See* Dkt. 1 (Complaint).

III.   **LEGAL ARGUMENT**

    A.   **Defendant's Motion to Dismiss Should be Granted Without Leave to Amend**

        1.   **Legal Standards for a Rule 12(b)(6) Motion**

Federal Rule of Civil Procedure ("FRCP") 8(a) requires a complaint contain "a short and plain statement" of the grounds for the court's jurisdiction and the claims for relief. *See* Fed. R.

Civ. Proc. 8(a).  A claim for relief may be dismissed under FRCP 12(b)(6) for a "failure to state a claim upon which relief can be granted."  *See* Fed. R. Civ. Proc. 12(b)(6) ("Rule 12(b)(6)").  A request for dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).  Bare assertions which amount to "nothing more than a formulaic recitation of the elements" of a claim for relief are conclusory and not entitled to be assumed true.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 1951 (2009), quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Court may consider undisputed matters of public record through a request for judicial notice.  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Busch v. Torres*, 905 F.Supp. 766, 769, fn. 1 and 2 (C.D. Cal. 1995). The Court may look beyond the plaintiff's complaint to matters of public record without converting a Rule 12(b)(6) motion into one for summary judgment.  *Ferris v. City of San Jose*, 2011 WL 5574896 at 4 (N.D. Cal. Nov. 16, 2011); see also *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (holding that "additional facts [may be] considered by the court [that] are contained in materials of which the court may take judicial notice").

## 2. Plaintiff's Amended Complaint Fails to State a Cognizable Legal Claim Against Any Defendant

The Amended Complaint fails to state a claim upon which relief can be granted.  It is unclear exactly what claims are being made and against which defendants.  Plaintiff has already had an opportunity to amend to cure the defects in his Complaint, all of which were highlighted to Plaintiff in Defendant's first Motion to Dismiss.  However, the Amended Complaint continues to be devoid of a clearly stated and viable legal theory or claim against the County.  Further, the Amended Complaint is not in compliance with FRCP Rule 10(b), which requires pleading separate counts for each cause of action.  As a result, the Amended Complaint should be dismissed with prejudice because Plaintiff has already had a chance to amend.

///

### 3. Plaintiff's State-Law Claims Are Time Barred

To the extent that Plaintiff is asserting state law claims against the County, including assault and battery, negligence, or violation of the various penal code sections referenced under "Claims" on p. 14-15 of the Amended Complaint, such claims are time barred for failure to timely submit a government tort claim.

It is well settled that failure to comply with the claims presentation requirements of the California Tort Claims Act precludes any civil action against the public entity. *Fall River Joint Unified School Dist. v. Sup. Ct. (Clark)* (1998) 206 Cal.App.3d 431, 434; *State of Cal. Ex Rel. Dept. of Trans. v. Sup. Ct.* (1984) 159 Cal.App.3d 331, 334. "Compliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action." *Pacific Tel. & Tel. Co. v. County of Riverside* (1980) 106 Cal.App. 3d 183, 188; *Myers v. County of Orange* (1970) 6 Cal.App.3d 626, 636-637 (claim statutes are comparable to a statute of limitations and have the same effect of baring a claim when not timely presented).

Government Code Section 911.2 provides: "A claim relating to a cause of action for death or for injury to person … shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action." While the Government Code allows for submission of late claims under certain circumstances, Section 911.4 specifically provides that a written application for leave to present a late tort claim "shall be presented to the public entity as provided in Article 2 (commencing with Section 915) within a reasonable time <u>not to exceed one year after the accrual of the cause of action</u>…" *See* Cal. Gov. Code §911.4 (emphasis added).

Here, Plaintiff submitted a government tort claim on October 10, 2018, identifying the date of the incident as April 24, 2017. *See* Defendant's Request for Judicial Notice. Accordingly, Plaintiff's state law claims are time barred. Plaintiff has been notified of this fact on multiple occasions and this argument was advanced in Defendant's first Motion to Dismiss. *See* Dkt. 9. However, the Amended Complaint continues to allege state law claims against the County and omit the date of the incident. The Court should not permit Plaintiff to evade a Rule 12(b)(6) motion by continuing to omit the date of the incident in his pleadings when Plaintiff's

own government tort claim clearly states the date of the incident was over a year before he submitted his tort claim. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (court may consider a document if authenticity is not questioned to prevent plaintiff from defeating on Rule 12(b)(6) motion by omitting critical documents underlying a claim).

Plaintiff was given the opportunity to amend his complaint to allege the date of the incident and compliance with the Tort Claims Act but failed to do so. Accordingly, the Court should dismiss Plaintiff's state law claims against the County with prejudice. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (dismissing claims against public employees and entities for failure to allege compliance with the Tort Claims Act).

### 4. Plaintiff's State Law Claims Do Not State a Viable Civil Claim Against the County

Not only would a state law claim against the County be time barred, but Plaintiff has not stated a viable state law claim to which the County is not immune pursuant to Government Code §815 ("Except as otherwise provided by statute: (1) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or other person."). Government Code §815 "abolished all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the federal law or state Constitution. Thus, in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable." *Harshbarger v. City of Colton* (1998) 197 Cal.App.3d 1335, 1339.

When bringing a claim against a public entity, "[o]ne of the essential elements that must be pled is the existence of a specific statutory duty." *Becerra v. County of Santa Cruz* (1998) 68 Cal.App.4th 1450, 1458. As a matter of law, a complaint fails to state sufficient facts to constitute a cause of action against a municipality if the complaint does not "specifically allege the applicable statute or regulation" which creates liability for a public entity. *Id.*, citing *Sullivan v City of Sacramento* (1987) 190 Cal.App.3d 1070, 1080.

Plaintiff has not identified a statutory exception to Government Code §815 for which the County can be liable for negligence or assault and battery. Further, the penal code sections

identified by Plaintiff authorize criminal punishments for individuals found guilty of each the crime, not civil municipal liability.  Therefore, Plaintiff has not stated a claim upon which relief may be granted.

### 5. Plaintiff's Federal Constitutional Claims Are Time Barred

It is unclear exactly which federal rights Plaintiff allege were violated.  The Amended Complaint makes reference to the Fourth, Eighth and Fourteenth Amendment at various points, but does not contain separate counts nor discuss the requisite elements of each claim. *See* FRCP Rule 10(b).  Regardless, Plaintiff's claim(s) that his constitutional rights were violated during the incident is barred by the statute of limitations because Plaintiff filed his Complaint on April 25, 2019, over two years after the incident.  *See* Dkt. No. 1.

While 42 U.S.C. §1983 does not contain a statute of limitations, the Ninth Circuit has looked to California's general personal injury statute of limitations for §1983 lawsuits. *Del Perico v. Thornsley,* 877 F.2d 785 (9th Cir. 1989) (applying former California Code of Civil Procedure § 340(3)); *Usher v. City of Los Angeles,* 828 F.2d 556 (9th Cir. 1987) (same); *Owens v. Okure,* 488 U.S. 235 (1989) (statute of limitations for §1983 claims shall borrow the personal injury statute of limitations from the state in which the action arose).  California's current statute of limitations for personal injury actions is 2 years.  *See* CCP Procedure §335.1.

Here, Plaintiff's Complaint was filed over two years after the incident occurred and no tolling provisions are applicable. *Austin v. Medicis* (Cal. Ct. App. 2018) 21 Cal.App.5th 577 (finding the tolling provided in CCP §352.1 does not apply to pretrial custody in county jails).  Accordingly, Plaintiff's claims for violation of constitutional rights brought pursuant to 42 U.S.C. §1983 are barred by the statute of limitations.

Plaintiff already had an opportunity to amend his complaint to defeat Defendant's statute of limitations argument but failed to do so.  Accordingly, Defendant respectfully requests that the Court take judicial notice of the date identified by Plaintiff in his government tort claim and dismiss Plaintiff's §1983 claim with prejudice.  *See* Defendant's Request for Judicial Notice.

///

///

### 6. Plaintiff's Complaint Fails to Allege Sufficient Facts to State a §1983 *Monell* Claim against the County

Not only are Plaintiff's §1983 claims barred by the statute of limitations, Plaintiff has failed to state a viable claim against the County. Municipalities, including counties and their subdivisions, are considered "persons" under §1983 and may be liable for causing constitutional deprivations. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 (1978) ("*Monell*"). However, a local government entity cannot be sued under §1983 for an injury inflicted solely by its employees or agents under a *respondeat superior* theory. *Id.* at 691. Instead, local governing bodies can be sued directly under §1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern, or practice. *Id*. at 690.

Plaintiff must show a sufficient causal connection between the enforcement of the municipal policy or practice and the violation of his federally protected right. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Connick v. Thompson*, 563 U.S. 51, 60 (2011). "[A] municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation." *Harris*, *supra*, 489 U.S. at 389; *Bd. of the Cnty. Comm'rs. of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1996). "[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." *Brown*, *supra*, 520 U.S. at 405.

A plaintiff's allegation that a policy exists, without more, is insufficient to trigger local government liability under §1983. *Harris, supra*, 489 U.S. at 388-389. Further, alleging facts related to single or isolated events is insufficient to demonstrate a viable claim under *Monell*. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 2008). An "isolated instance . . . is insufficient evidence of a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the County." *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (internal citations omitted). Likewise, mistakes

or errors of municipal officials do not rise to the level of "policy" sufficient for §1983 liability. *Erdman v. Cochise County, Arizona*, 926 F.2d 877, 882 (9th Cir. 1991).

Here, the Amended Complaint fails to identify any County policy or custom that resulted in the purported violation of Plaintiff's constitutional rights. At most, the Amended Complaint contains conclusory statements regarding County "policy" which are insufficient to state a *Monell* claim. Plaintiff does not identify a specific County policy and instead, presumes from isolated instances with County employees that there is a "culture of dishonestly and irresponsibility prioritized over their public duties." *See* Dkt. No. 32 at 11:4-8. However, isolated instances with County staff does not rise to a *Monell* violation.

Further, the allegations regarding the employees' conduct do not amount to violations of the U.S. Constitution. Plaintiff essentially alleges that he was dissatisfied with the responsiveness and politeness of several County staff. While all of the high level staff identified in the Amended Complaint took the time to respond to Plaintiff (even arranging and conducting meetings with Plaintiff and responding to Plaintiff's email correspondence and telephone calls), Plaintiff would have preferred that they responded quicker or made themselves more available to discuss his concerns. This simply does not constitute a violation of Plaintiff's constitutional rights or demonstrate a County policy that was the moving force behind any supposed constitutional violation.

### B. Alternatively, the Court Should Grant Defendant's Rule 12(e) Motion and Require a More Definite Statement

#### 1. Legal Standards for Rule 12(e) Motion

Federal Rule of Civil Procedure, Rule 12(e) states: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) enforces the requirement in Federal Rule of Civil Procedure Rule 8(a)(2) that a pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

Rule 12(e) motions are disfavored and courts will not grant Rule 12(e) motions when they merely seek additional details about claims that can be uncovered through discovery.

*Optovue Corp. v. Carl Zeiss Meditec, Inc.*, Case No. 07-3010 CW, 2007 U.S. Dist. LEXIS 65647, 2007 WL 2406885 (N.D. Cal. Aug. 20, 2007). However, a Rule 12(e) motion is proper where "ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *Id*. at *8, quoting *Sagan v. Apple Computer,* 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). If a pleading fails to specify its allegations in a manner that provides sufficient notice to defendant, then a Rule 12(e) motion is warranted. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). Rule 12(e) also enforces FRCP Rule 10(b)'s requirement of pleading separate counts for each cause of action. *Anderson v. District Bd. of Trustees of Central Florida Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996); *Phillips v. Girdich*, 408 F.3d 124, 128 (2nd Cir. 2005).

### 2. A More Definite Statement is Necessary for Defendant to Reasonably Prepare a Response

As an alternative to dismissal, Defendant respectfully requests that the Court order Plaintiff to file another amended complaint that complies with FRCP Rule 8 and 10 and allege the date of the incident. Plaintiff's Amended Complaint is so ambiguous and indefinite that Defendant cannot reasonably ascertain the nature of the claims being asserted against it by Plaintiff, or who the named defendants are and what legal claims are asserted against each defendant. The Amended Complaint has contracting statements about what claims are being asserted and against whom. None of the claims are separately stated or address the requisite legal elements of each claim. Further, the date of the incident is again omitted in an apparent attempt to circumvent a statute of limitations issue. Accordingly, Defendant respectfully requests that Plaintiff be ordered to separately state and clarify his legal claims and the defendants he intends to assert each claim against, and allege the date of the incident.

### V. CONCLUSION

Based on the foregoing, Defendant respectfully request that the Court dismiss Plaintiff's entire lawsuit pursuant to FRCP Rule 12(b)(6) given that Plaintiff has already had an opportunity to amend. Alternatively, Defendant respectfully requests that the Court grant its Rule 12(e) Motion and order Plaintiff to file another amended complaint.

///

Dated: September 5, 2019                BRUCE D. GOLDSTEIN, County Counsel

                                        By: /s/ Kara Abelson
                                            Kara Abelson
                                            Deputy County Counsel
                                            Attorneys for Defendant County of Sonoma