BRUCE D. GOLDSTEIN #135970
County Counsel
KARA A. ABELSON #279320
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: kara.abelson@sonoma-county.org

Attorneys for Defendant
COUNTY OF SONOMA
(erroneously sued as "Sonoma County Sheriffs Department, the Sonoma County Board of Supervisors, the Sonoma County District Attorney's Office")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BEST,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE (SHERIFF'S DEPUTY), THE SONOMA COUNTY SHERIFFS DEPARTMENT, THE SONOMA COUNTY BOARD OF SUPERVISORS, THE SONOMA COUNTY DISTRICT ATTORNEY'S OFFICE,<br><br>    Defendants.<br>_____ / | Case No. CV-19-2252-YGR<br><br>**DEFENDANT COUNTY OF SONOMA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Date:    October 15, 2019<br>Time:    2:00 p.m.<br>Courtroom:    1, 4th Floor<br>Judge:    Hon. Yvonne Gonzalez Rogers |

    Federal Rule of Evidence 201 provides that a court, in its discretion, may take judicial notice of facts not subject to reasonable dispute that are either "(1) within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).

    Defendant COUNTY OF SONOMA respectfully requests that the Court take judicial notice of the existence and contents of **Exhibit A**, attached hereto, which is a true and correct copy of the Plaintiff BRIAN BEST's Request for Permission to File the Government Claim Late

1 received by the County of Sonoma on October 17, 2018, and an accompanying Tort Claim
2 against the County of Sonoma under California Government Code §910.  The attached copy of
3 the mailing envelope attests that the documents were sent by mail on October 15, 2018.  On the
4 first page of the Claim against the County of Sonoma (section 6), Plaintiff identifies that the
5 incident occurred on April 24, 2017.

6       Defendant COUNTY OF SONOMA respectfully also requests that the Court take judicial
7 notice of the existence and contents of **Exhibit B**, attached hereto, which is a true and correct
8 copy of the Notice of Return of Untimely Claim and accompanying Proof of Service, which was
9 sent to Plaintiff Brian Best on October 31, 2018 and notified Plaintiff that his claim was untimely
10 pursuant to Government Code Sections 901 and 911.2.

11       Pursuant to Rule 201, a court may take judicial notice of public records, including the
12 filing date and contents of Plaintiff's Request for Late Claim Filing and Claim against the
13 County of Sonoma. See *Shaw v. City of Porterville*, 2015 WL 3795026, 2015 U.S. Dist. LEXIS
14 78672 at *8-9 (E.D. Cal. June 17, 2015) (court may take judicial notice of tort claim and notice
15 of insufficiency of claim, where authenticity undisputed, essential to plaintiff's claims, and no
16 opposition); *Clarke v. Upton*, 703 F.Supp.2d 1037, 1042 (E.D. Cal. 2010) (taking judicial notice
17 of tort claim and rejection of claim); see also e.g., *Gong v. City of Rosemond*, 226 Cal.App.4th
18 363, 376 (2014) (under California law, "If a plaintiff alleges compliance with the claims
19 presentation requirement, but the public records do not reflect compliance, the governmental
20 entity can request the court to take judicial notice … that the entity's records do not show
21 compliance.").

22       It is proper for the Court to take judicial notice of the tort claim and its contents to
23 prevent Plaintiff from evading a Rule 12(b)(6) motion which, had the Complaint been properly
24 plead, would have been granted.  See *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)
25 (court may consider document if authenticity not questioned in order to prevent plaintiff from
26 prevailing on Rule 12(b)(6) motion by omitting documents underlying a claim).

27       The existence and contents of plaintiff's government tort claim, attached as Exhibit A,
28 and the County's response, attached as Exhibit B, are not subject to reasonable dispute and are

1 capable of accurate and ready determination by resort to sources whose accuracy cannot
2 reasonably be questioned.
3     Based upon the foregoing, Defendant COUNTY OF SONOMA respectfully requests that
4 this Court take judicial notice of the existence and contents of Plaintiff's Request for Late Claim
5 Filing and enclosed Claim, and of the County of Sonoma's Response to Plaintiff's Claim, for the
6 purpose of considering Defendant's Motion to Dismiss and Motion for a More Definite
7 Statement, including the filing date and contents of the claim, which conclusively establishes that
8 the incident occurred on April 24, 2017 and that Plaintiff did not timely file a claim with the
9 County within six months as required by the California Tort Claims Act.
10
11 Dated: September 5, 2019          BRUCE D. GOLDSTEIN, County Counsel
12
13                         By:  /s/ Kara Abelson
14                            Kara Abelson
                           Deputy County Counsel
15                            Attorneys for Defendant
16
17
18
19
20
21
22
23
24
25
26
27
28