UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN BEST**, <br>     Plaintiff, <br> v. <br> **SONOMA COUNTY SHEIRFFS DEPARTMENT, ET. AL.**, <br>     Defendants. | Case No. 19-cv-02252-YGR <br><br> **ORDER (1) GRANTING MOTION TO DISMISS AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, AND (2) GRANTING IN PART AND DENYING IN PART REQUEST FOR LEAVE TO AMEND COMPLAINT** <br><br> Re: Dkt. Nos. 34, 40 |

Plaintiff Brian Best brings this action against defendants Sonoma County Sheriffs Department, the Sonoma County Board of Supervisors, and the Sonoma County District Attorney's Office (collectively, "Sonoma County"), and "John Doe" (a sheriffs deputy), alleging violations of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and for state claims based on assault, battery, excessive force, negligence, and torture.

Now before the Court are the following motions: First, Sonoma County moves to dismiss Best's amended complaint, or, in the alternative, move for a more definite statement. (Dkt. No. 34.) Second, Best moves for leave to amend his complaint and for permission to file a second amended complaint. (Dkt. No. 40.)

Having carefully reviewed the pleadings, the papers submitted on each motion, and for the reasons set forth more fully below, the Court **ORDERS** as follows: the Court **GRANTS** Sonoma County's motion to dismiss, or, in the alternative, motion for a more definite statement; and the Court **GRANTS IN PART** and **DENIES IN PART** Best' motion to amend his amended complaint.

## I. RELEVANT BACKGROUND

The Court summarizes the relevant allegations from the operative amended complaint, and those documents from which the Court takes judicial notice.[1] The Court is mindful of its obligation under existing precedent to construe Best's pleadings liberally, as he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotation marks omitted)).

On April 24, 2017, Best was driving from South Lake Tahoe to Sonoma County, when he exited United States Highway 101 ("US 101") and drove into a shopping plaza at approximately 10:15 or 10:20 PM. (Dkt. No. 32 at 3; *see also* Dkt. No. 35-1 at 2, 3.) Best walked around a building where he relieved himself in a bush behind a tree. (Dkt. No. 32 at 4.) Best walked back to his car when he was approached by an officer with his weapon raised, and who instructed Best to get on the ground. (*Id.*) Best was handcuffed, escorted into a police car, and was told he would be charged with felony burglary. (*Id.*)

Best was taken to a jail located in Santa Rosa. (*Id.*) Best was in a "waiting area" for inmates when he was called on a loud speaker to the intake desks. (*Id.* at 5.) Best was asked if he was on probation, and he responded that he "would prefer not to answer that question without an attorney present." (*Id.*) Best was instructed to go back to the waiting area, before the deputy handling intake instructed him to go to a holding cell. (*Id.*) Best stopped, and two deputies, including the deputy who was handling intake, approached Best, and grabbed his arms from

---

[1] Sonoma County requests for the Court to take judicial notice of various documents, including: (1) Best's Request for Permission to File the Government Claim Late; (Dkt. No. 35-1) and (2) Notice of Return of Untimely Claim. (Dkt. No. 35-2.) a court may take judicial notice of public records, including the filing date and contents of Plaintiff's Request for Late Claim Filing and Claim against the County of Sonoma. *See Shaw v. City of Porterville*, No. 1:15-cv-671-SKO, 2015 WL 3795026, at *4 (E.D. Cal. June 17, 2015) (court may take judicial notice of tort claim and notice of insufficiency of claim, where authenticity undisputed, essential to plaintiff's claims, and no opposition); *Clarke v. Upton*, 703 F.Supp.2d 1037, 1042 (E.D. Cal. 2010) (taking judicial notice of tort claim and rejection of claim). It is proper for the Court to take judicial notice of the tort claim and its contents to prevent a plaintiff from evading a Rule 12(b)(6) motion. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (court may consider document if authenticity not questioned in order to prevent plaintiff from prevailing on Rule 12(b)(6) motion by omitting documents underlying a claim). Accordingly, the Court **GRANTS** Sonoma County's request for judicial notice.

behind him. (*Id*. at 5-6.) Best was placed in a hold he identifies as a "rear naked choke" or a "carotid hold" and was forced into unconsciousness. (*Id.* at 6.)

Best regained consciousness while on the ground, on his stomach, face down. (*Id.*) One officer had his right arm around Best's neck with the officer's right knee in Best's back with most of the officer's weight pressing down on Best. (*Id.*) The other officer had a hold of his arms. (*Id.* at 7.) He was escorted to a holding cell, placed to face toward a wall, and was warned that if he moved, he would be tasered. (*Id.*)

Best states that no other deputies would identify the names of the deputies who interacted with him. (*Id.* at 8.) Best wrote down his recollection of the events, gave the papers documenting his recollections to a deputy, who handed the papers back to Best. (*Id.*) The deputy left the paper on the floor where it was eventually thrown out. (*Id.*)

The district attorney ultimately did not press charges against Best. (*Id.*) Following his release, Best filed a series of complaints with the Sonoma County Sheriffs Department and various government entities. (*Id.* at 8-9.)

On October 13, 2018, Best mailed a request for permission to file a government claim late, which was received by the County of Sonoma on October 17, 2018. (Dkt. No. 35-1 at 2.) In the attached claim against the County of Sonoma form, Best identifies the date of the incident as April 24, 2017, and the time of the incident as "[a]pproximately 11:30 PM." (*Id.* at 3.) The document also includes a narrative mirroring the allegations in the operative complaint. (*Id.* at 4-8.) The County of Sonoma mailed a letter dated October 31, 2018, explaining that the county would not be accepting the claim for consideration as it was presented outside the time required by sections 901 and 911.2 of the California Government Code. (Dkt. No. 35-2 at 2.)

Best commenced the instant lawsuit on April 25, 2019. (Dkt. No. 1.)

## II. LEGAL FRAMEWORK

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of

3

sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id*. at 678-79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to a nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B.     Motion for a More Definite Statement**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." *Id*. Generally, "[m]otions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). For

4

example, "[s]uch a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." *True v. Am. Honda Motor Co., Inc.*, 520 F. Supp. 2d 1175, 1180 (C.D. Cal. 2007) (internal quotation marks omitted). By contrast, "[a] Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *Sagan v. Apple Comput., Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

### C. Motion for Leave to Amend

Rule 15 provides for amendment of a pleading "once as a matter of course" within the confines of certain requirements not met here, *see* Fed. R. Civ. P. 15(1), and "in all other cases . . . only with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. P. 15(2). Although Rule 15 instructs courts to give leave freely "when justice so requires," such analysis requires consideration of the following factors: (1) any bad faith or dilatory motive of the moving party; (2) any prejudice to the opposing party; (3) undue delay; and (4) the futility of the proposed amendment. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *see also Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

### III. MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION FOR LEAVE TO AMEND

Here, County of Sonoma contends in its motions that both the California state law claims, and federal law claims are time barred, and that, even if such claims were not time barred, Best fails to allege sufficient facts state a viable claim against Sonoma County. Best asserts that he has stated sufficient facts, but that, if he has not so pled, he requests an additional opportunity to amend his pleadings. The Court first considers Best's state law claims before addressing Best's federal law claims.

### A. State Law Claims Are Time Barred

Sonoma County avers that Best's state law claims – claims for assault, battery, excessive force, negligence, and torture – are time barred because Best did not – and cannot – allege compliance with the California Tort Claims Act.

The Tort Claims Act, as reflected in government code section 911.2, provides: "A claim

relating to a cause of action for death or for injury to person . . . shall be presented as provided in Article 2 (commencing with [s]ection 915) not later than six months after the accrual of the cause of action." The statute allows for submission of late claims under certain circumstances; specifically, section 911.4 specifically provides that a written application for leave to present a late tort claim "shall be presented to the public entity as provided in Article 2 (commencing with [s]ection 915) within a reasonable time not to exceed one year after the accrual of the cause of action. . . ." *See* Cal. Gov. Code § 911.4 (emphasis added).

It is well-settled that failure to comply with the claim presentation requirements of the Tort Claims Act precludes any civil action against the public entity. *See Fall River Joint Unified School Dist. v. Sup. Ct.*, 206 Cal. App. 3d 431, 434 (1988); *State of Cal. ex rel. Dept. of Trans. v. Sup. Ct.*, 159 Cal. App. 3d 331, 334-35 (1984). "Compliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action." *Pacific Tel. & Tel. Co. v. Cnty. of Riverside*, 106 Cal. App. 3d 183, 188 (1980). *See also Myers v. Cnty. of Orange*, 6 Cal. App. 3d 626, 636-637 (1970) (claim statutes are comparable to a statute of limitations and have the same effect of baring a claim when not timely presented); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (dismissing claims against public employees and entities for failure to allege compliance with the Tort Claims Act).

Here, Best did not, and cannot, allege compliance with the Tort Claims Act, and thus, Best's state law claims must be dismissed. Best sought permission under the Tort Claims Act on October 17, 2018 – more than a year and a half after the incident. (*See* Dkt. No. 35-1 at 2.) This is more than the six months generally required by the statute under section 911.2, and more than the one year permitted in certain circumstances in section 911.4. Significantly, no amendment of the pleadings can cure this defect. Accordingly, the Court **GRANTS** Sonoma County's motion to dismiss Best's state law claims, and **DENIES** Best's request for leave to amend his pleadings as to these claims. Best's state law claims are **DISMISSED WITH PREJUDICE**.

### B. Federal Law Claims Are Not Time Barred But Fail to Allege Sufficient Facts

Sonoma County avers that Best's federal law claims are also time barred but that, even if these claims were not time barred, Best has not adequately pled sufficient facts to state a claim.

42 U.S.C. section 1983 does not contain a statute of limitations, but the Ninth Circuit has looked to California's general personal injury statute of limitations for section 1983 lawsuits. *Del Perico v. Thornsley,* 877 F.2d 785, 786 (9th Cir. 1989) (applying former California Code of Civil Procedure section 340(3)); *Usher v. City of Los Angeles,* 828 F.2d 556, 558-561 (9th Cir. 1987) (same); *Owens v. Okure,* 488 U.S. 235, 236 (1989) (statute of limitations for section 1983 claims shall borrow the personal injury statute of limitations from the state in which the action arose). California's current statute of limitations for personal injury actions is 2 years. *See* Cal. Civ. Pro. § 335.1.

Here, Best's initial complaint was filed on April 25, 2019, which is two years and one day after the date on which the incident occurred – April 24, 2017. On this basis, therefore, Best's federal claims would seem to be time barred. However, Best seeks to amend the operative amended complaint to add allegations that explain that while he was arrested the evening of April 24, 2017, the alleged interaction between him and deputies occurred after midnight, and on April 25, 2017. (*See* Dkt. No. 40-1 at 6 ("There was a clock on the wall, and it read 12:45, AM. The date was 4/25/2017."), 9 ("I asked to see the nurse again, but it was not until the clock on the wall read 3:30 AM (the early morning of April 25th of 2017) that I saw the nurse again.").) At this preliminary stage, while there is some evidence that the interaction between Best and the deputies may have occurred on April 24, 2017 (*see* Dkt. No. 35-1 at 3 ("Approximately 11:30 PM")), the Court cannot definitively conclude that amendment would be futile, especially where Best was arrested and brought to the jail near the end of the day on April 24, 2017. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (holding that leave to amend may be denied if the amendment would be futile, or where the amended complaint would be subject to dismissal).

However, after a review of the amended complaint, the Court concludes that Best has failed to plead its claim against Sonoma County adequately. A municipal entity, including a county, can be liable where the action alleged to be unconstitutional is done pursuant to a governmental policy or custom under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). Under section 1983, a public entity "cannot be held liable solely because it employs a tortfeasor." *Id.* Instead, a claim for section 1983 liability against a municipality under

*Monell* may be stated in one of three circumstances: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of "deliberate indifference" to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities).

Here, Best does not adequately plead sufficient facts in the operative amended complaint to demonstrate one of these three circumstances. At this juncture, where Best has already filed one amended complaint, the Court cannot conclude that leave to amend to permit Best to address these deficiencies would be futile. *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (holding that "plausible facts supporting . . . a policy or custom could . . . cure[] the deficiency in [a] *Monell* claim."). Accordingly, the Court **GRANTS** Sonoma County's motion to dismiss Best's state law claims, and **GRANTS** Best's request for leave to amend his pleadings as to Best's federal law claims.

## IV. CONCLUSION

For the foregoing reasons, Sonoma County's motion to dismiss is **GRANTED**, and Best's request for leave to amend is **GRANTED IN PART** and **DENIED IN PART**. Best's state law claims are **DISMISSED WITH PREJUDICE**. To the extent that Best files a second amended complaint as to the remaining federal law claims, Best shall do so on or before **Monday, March 9, 2020**.

The Court advises Best that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se.

Assistance is available through the Legal Help Center. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis, and will not be able to represent parties in their cases. There is no charge for this service. To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San

Francisco, California or the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California; (2) call 415-782-8982; or (3) email federalprobonoproject@sfbar.org. The Help Center's website is available at https://cand.uscourts.gov/legal-help.

This Order terminates Docket Numbers 34, 40.

**IT IS SO ORDERED.**

Dated: February 14, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**