UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BRIAN BEST**,

        Plaintiff,

  v.

**SONOMA COUNTY SHERIFFS DEPARTMENT, ET. AL.**,

        Defendants.

Case No. 19-cv-02252-YGR

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. No. 51

Plaintiff Brian Best brings this action against defendants Sonoma County Sheriffs Department, Virgil Smith, Andrew Cash, Rich Celli, Ronald Chestnut (collectively, the "Sonoma County defendants"), and the State of California, alleging violations of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, violations of several federal and state criminal statutes, and for various state causes of action, including negligence.

Now before the Court is the Sonoma County defendants' second motion to dismiss Best's amended complaint, or, in the alternative, motion for a more definite statement. (Dkt. No. 51.) Best opposes the motion. (*See* Dkt. No. 56, 57, 59.) Having carefully reviewed the pleadings, the papers submitted on each motion, and for the reasons set forth more fully below, the Court **GRANTS** the Sonoma County defendants' motion to dismiss.

**I.    RELEVANT BACKGROUND**

The Court incorporates the previous background summarized in the prior Order. (*See* Dkt. No. 46 at 2-3.) The Court summarizes the additional relevant allegations from the operative amended complaint relevant to the disposition of this motion. The Court is mindful of its obligation under existing precedent to construe Best's pleadings liberally, who is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers[.]" (internal quotation marks omitted)). Thus:

In August 2018, Best was asked to go for an interview with Cash, a sergeant with Sonoma County Sherriff's Department. (Dkt. No. 50 at 12.) Best felt that Cash was focused on justifying the actions of Smith, one of the officers involved in the altercation in the jail. (*Id.*) Otherwise, Best felt he accurately explained what happened. (*Id.*)

Best subsequently requested that the Sheriff's Office internal affairs department re-evaluate his claim because of two amendments or different versions of the facts. (*Id*. at 16-17.) Best further described the new facts and request to re-evaluate in a voicemail and email to Cash. (*Id*. at 17.) Best alleges that Cash declined to re-evaluate the incident. (*Id*. at 17.) He received an "exoneration letter", advising that "[u]pon reviewing the findings of the investigation, we have concluded that our staff acted within the law and office policy and procedure." (*Id*. at 17, 42).

At some point, Best contacted the Sonoma County District Attorney's Office and spoke with defendant Rich Celli, an officer in the Investigations Department. (*Id*. at 14.) Celli referred Best to the California Office of the Attorney General ("OAG"). (*Id*.) Best corresponded with both the District Attorney's Office and the OAG before the OAG instructed Best to file a written complaint with the District Attorney's Office and the Sonoma County Grand Jury. (*Id*.) As pled by Best, the District Attorney's Office allegedly acknowledged verbally over the phone that they received the complaint but "never replied, even though [he] asked for a reply, and stated that the OAG requires a reply, which is exactly what the OAG representative told [him]." (*Id*. at 15.) Best alleges that the District Attorney's Office was unhelpful and Celli was "obviously annoyed with [him], and extremely rude to [him]". (*Id*.)

Best submitted a complaint to the Sonoma County Civil Grand Jury and received a response from defendant Ronald Chestnut that stated: "As a matter of policy, the Sonoma County Civil Grand Jury conducts no investigations when legal proceedings involving parties to the complaint are ongoing. Therefore, the Jury will take no action on your complaint of 8/22/2019." (*Id*.)

## II. LEGAL FRAMEWORK

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678-79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to a nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Further, as Best is proceeding *in forma pauperis*, the Court has an independent duty to screen the complaint to ensure that it states a claim. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

1  Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits **but requires** a district court to dismiss
2  an in forma pauperis complaint that fails to state a claim." (emphasis supplied)); *Choudhuri v.*
3  *Specialized Loan Servs., Inc.*, 19-cv-00028 PJH, 2019 WL 109448, at *4 (N.D. Cal. Jan. 4, 2019)
4  ("A plaintiff seeking to proceed in forma pauperis 'must allege poverty with some particularity,
5  definiteness and certainty.'" (quoting *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir.
6  2015)).

### B. Motion for a More Definite Statement

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." *Id.* Generally, "[m]otions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). For example, "[s]uch a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." *True v. Am. Honda Motor Co.*, 520 F. Supp. 2d 1175, 1180 (C.D. Cal. 2007) (internal quotation marks omitted). By contrast, "[a] Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

### III. MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Here, the Sonoma County defendants seek dismissal as to Celli; Chestnut; Cash; the section 1983 *Monell* claim against Sonoma County; and certain claims against Smith. Based on a screening of the complaint required for *pro se* plaintiffs who are proceeding *in forma pauperis*, the Court finds that the state claims against the State of California are barred by the Court's prior Order. The Court addresses each of these grounds below:

Dismissal as to Celli: **GRANTED**. In the operative amended complaint, Best brings claims against Celli based on a violation of the Fourteenth Amendment and on negligence.

With respect to the Best's claims as to the Fourteenth Amendment, the law is clear that "[o]fficial capacity suits against [public] officials are the same as suits against the agency itself. Therefore, in order to maintain an official capacity suit against an individual, a plaintiff must allege facts showing that the deprivation at issue was caused by a custom, policy, or practice of the agency." *Fontes v. San Bernardino Cty. Sheriff Dep't,* 2017 U.S. Dist. LEXIS 224059 at *8, 2017 WL 10543291, at *4 (C.D. Cal., Feb. 27, 2017) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694-95 (1978)).

Here, the complaint is devoid of allegations to establish a constitutional violation based on actions of Celli or the Sonoma County District Attorney's Office. In Best's opposition, Best avers that he has stated a claim as to Celli because (1) prosecutorial immunity does not apply to investigators like Celli, and (2) that his Fourteenth Amendment violation is premised on a violation of the equal protection clause.

Best does not persuade. First, absolute immunity generally bars claims against prosecutors in section 1983 suits. *See Imbler v. Pachtman*, 424 U.S. 409, 419 (1976) (applying prosecutor absolute immunity to section 1983 suits). Indeed, "[prior cases] are virtually unanimous that a prosecutor enjoys absolute immunity from §1983 suits for damages when he acts within the scope of his prosecutorial duties." *Id.* at 420. Moreover, "[t]his immunity extends to related investigative and administrative functions." *Herrold v Jagels*, 8 F.3d 27, 1993 WL 362218 (Table), at *2 (9th Cir. 1993) (citing *Schlegel v. Bebout*, 841 F.2d 937, 944 (9th Cir. 1988) and *Freeman v. Hittle*, 708 F. 2d 442, 443 (9th Cir. 1983)). As relevant here, "[i]nvestigative functions [like Celli's actions] carried out pursuant to the preparation of a prosecutor's case also enjoy absolute immunity." *Freeman,* 708 F.2d at 443 (citing *Atkins v. Lanning*, 556 F.2d 485, 488-89 (10th Cir. 1977) ("As to the district attorney's investigators, it would hardly seem reasonable to exculpate the district attorney and to not immunize his underlings.")). Thus, Celli would indeed fall under the ambit of the absolute immunity enjoyed by prosecutors.

Moreover, the allegations reflect that Best's claim rest on the Sonoma County District Attorney's Office's decision not to prosecute Smith. (*See* Dkt. No. 50 at 15). "The Ninth Circuit has held that prosecutors are entitled to absolute immunity from damages for their decision not to

5

1    initiate a criminal prosecution because the decision whether to charge a person with a crime 'may
2    well be the most critical determination of the entire prosecutorial process.'" *Solorio v. Loback*,
3    2018 WL 5923836, at *4 (N.D. Cal. Nov 13, 2018) (citing *Roe v. City & County of San Francisco*,
4    109 F.3d 578, 583 (9th Cir. 1997)). Thus, the Court finds that prosecutorial immunity bars Best's
5    claims against Celli and the Sonoma County District Attorney's Office.

6    Second, Best's claim that the violations of the Fourteenth Amendment are based on a
7    violation of the equal protection clause fares no better. In general, "[t]o state a claim under section
8    1983 for an equal protection violation, a plaintiff must allege facts showing that the defendants
9    acted with an intent or purpose to discriminate against the plaintiff based upon membership in a
10   protected class, and that plaintiff was treated differently from persons similarly situated." *Brown v.*
11   *Contra Costa County*, 2012 WL 4804862, at *10 (N.D. Cal. Oct. 9, 2012) (citing *Barren v.*
12   *Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998); *Washington v. Davis*, 426 U.S. 229, 239-40
13   (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Lee v. City of Los Angeles*,
14   250 F.3d 668 (9th Cir. 2001)). "A plaintiff may satisfy this standard by alleging (1) that he/she
15   was treated differently from others similarly situated; (2) that this unequal treatment was based on
16   an impermissible classification; (3) that the defendant acted with discriminatory intent in applying
17   this classification; and (4) that he/she suffered injury as a result of the discriminatory
18   classification. *Id*. at 10 (citing *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)).

19   Here, Best does not allege that he is a member of a protected class, nor does he allege any
20   particular actions that would give rise to a claim under the equal protection clause. Indeed, a party
21   generally lacks a judicially cognizable interest in the prosecution of another. *Loa v. Cong. Rules &*
22   *Regul. Comm. Governing Native Am. Funding*, 2017 WL 3821777 at *5 (D. Haw. Aug. 31, 2017)
23   (finding no private cause of action for failure to investigate or prosecute violations of the law);
24   *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third
25   party may receive from having someone else arrested for a crime generally does not trigger
26   protections under the Due Process Clause, neither in its procedural nor in its 'substantive'
27   manifestations."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American
28   jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or

6

1  nonprosecution of another."). Thus, Best's section 1983 claims as to Celli and the Sonoma
2  County District Attorney's Office are appropriately dismissed.

3  With respect to Best's negligence claim, such a claim is also barred by the absolute
4  immunity discussed above and the general immunity set forth in Government Code section 815.
5  Government Code section 815 "abolished all common law or judicially declared forms of liability
6  for public entities, except for such liability as may be required by the federal law or state
7  Constitution. Thus, in the absence of some constitutional requirement, public entities may be
8  liable only if a statute declares them to be liable." *Harshbarger v. City of Colton*, 197 Cal. App. 3d
9  1335, 1339 (1998); *Becerra v. County of Santa Cruz*, 68 Cal. App. 4th 1450, 1457 (1998). Best
10 has not pled a statutory exception to this general immunity, nor has Best alleged any facts
11 necessary to demonstrate negligence as to Celli and the Sonoma County District Attorney's
12 Office. *See Alston v. County of Sacramento,* 2012 WL 2839825, at *6 (E.D. Cal. July 10, 2012)
13 ("Under California law, 'to prevail in an action based upon a defendant's alleged negligence, a
14 plaintiff must demonstrate that the defendant owed the plaintiff a legal duty, that the defendant
15 breached the duty, and that the breach was a proximate or legal cause of his or her injuries.").
16 Thus, the negligence claim is also appropriately dismissed from this action.

17 Finally, in light of the preceding analysis, the Court finds that any amendment as to these
18 claims would be futile. Accordingly, the Court **GRANTS** the motion to dismiss, and **DISMISSES**
19 **WITH PREJUDICE** these claims as to Celli. Celli is further **DISMISSED** from this action.

20 Dismissal as to Chestnut: **GRANTED**. In the operative amended complaint, Best brings
21 claims against Chestnut, a grand juror, based on a violation of the Fourteenth Amendment and on
22 negligence. Both of these claims are appropriately dismissed.

23 California courts have found that the same immunity granted to judges and prosecutors
24 applies equally to grand jurors. *See Pearson v. Reed* 6 Cal. App. 2d 277, 283 (1935). "[G]rand
25 jurors are not liable in civil actions for damages, for the reason that to subject them to such
26 liability would be against the policy of the law." *Id*. Indeed, grand jurors are considered "quasi-
27 judicial officers" because "[t]hey have certain duties to perform under the law of a quasi-judicial
28 character, and in the performance of such duties the law invest them with judgment and

discretion." *Id. See also Clinton v. Superior Court* (1937) 23 Cal.App.2d 342, 345 (1937) (noting that an individual grand juror has no authority to act independently as a grand jury functions as a body "according to and within the limitation of its legal authority"). Moreover, the California penal code sets forth certain matters that must be investigated and affords the grand jury discretion to choose the subject matter of its remaining investigations. *See* Penal Code §§ 925 and 927. Thus, courts "must respect the grand jury's independence of judgment; the court has no authority to impose its own views on the grand jury." *People v. Superior Court of Santa Barbara Cnty.*, 13 Cal.3d 430, 439 (1975).

Here, Best cannot overcome that immunity bars Chestnut's actions as Chestnut was serving as a member of a grand jury when he responded to Best's complaint. There is otherwise no basis for the claims or for the requested remedy for injunctive relief. Thus, in light of the preceding analysis, the Court finds that any amendment as to these claims would be futile. Accordingly, the Court **GRANTS** the motion to dismiss, and **DISMISSES WITH PREJUDICE** these claims as to Chestnut. Chestnut is further **DISMISSED** from this action.

Dismissal as to Cash: **GRANTED**. In the operative amended complaint, Best brings claims against Cash on the following basis: "Conspiracy, Negligence, Violation of the Fourteenth Amendment, Lying to a Law Enforcement Agency to Cover Up a Crime, Accessory After the Fact, Misprision of Felony." (Dkt. No. 50, at 30.) Cash has been named in is official capacity only. (*Id.*). Thus, the real party in interest in an official-capacity suit is the governmental entity, not a named official. *See Butler v. Elle*, 281 F.3d 1014, 1026 n.9 (9th Cir. 2002). *See also Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996) ("The Court follows other District Courts in holding that if individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed.")

Notably, Best does not respond in his opposition to the Sonoma County defendants' motion as to the arguments relating to Cash. The Court considers however whether dismissal is warranted as to the claims against Cash.

With respect to Best's Fourteenth Amendment claim against Cash, the Court concludes that such claim is appropriately dismissed. Best's allegations with respect to Cash are essentially: (1) that during the internal affairs interview with Best "Sgt. Cash was overly focused on slanting the situation to justify the actions of Dep. Smith" and asked certain questions "presumably in order to justify misrepresenting the whole incident" (*See* Dkt. No. 50, at 12); (2) that Cash refused to reopen the investigation after it had been concluded (*Id*. at 16-17); and (3) that an "exoneration" finding in the internal affairs investigation constitutes a "final, policy-making-level decision to allow their employees to violate people's constitutional rights." (*Id*. at 17.)

Based on these allegations, Best has not identified a cognizable constitutional violation with respect to Cash. Failure to conduct an internal affairs investigation or properly investigate complaints against law enforcement do not amount to a violation of the due process clause of the Fourteenth Amendment. *See Alston*, 2012 WL 2839825 at *5-6. "The Fourteenth Amendment to the United States Constitution provides that a state shall not 'deprive any person of life, liberty, or property, without due process of law.' As an initial matter, plaintiff fails to provide any authority for the proposition that [he] has a valid property interest in, or an entitlement to, an internal investigation of her complaint. The court is unaware of any federal law governing the internal disciplinary affairs of a county sheriff department, and plaintiff does not even point to any particular state law addressing the matter." *Id*. at *5. "Therefore, the court concludes that plaintiff does not have a protected property interest in an internal investigation of [his] complaint for purposes of the Due Process Clause of the Fourteenth Amendment . . . ." *Id*. at *6. Thus, Best's allegations of Cash's investigation do not amount to a violation of the Fourteenth Amendment.

Moreover, Best's allegations as to Cash fail to demonstrate liability as required under *Monell*. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 2008). An "isolated instance . . . is insufficient evidence of a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the County." *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (internal citations omitted). Likewise, mistakes

or errors of municipal officials do not rise to the level of "policy" sufficient for section 1983 liability. *Erdman v. Cochise County*, 926 F.2d 877, 882 (9th Cir. 1991). Thus, to the extent Best alleges that the County through Cash ratified the allegedly unconstitutional use of force by exonerating Smith in the internal affairs investigation, the allegations are insufficient to establish liability under *Monell*. *See Sheehan v. Bay Area Rapid Transit,* Case No. 14- cv-03156-LB, 2016 WL 777784, at *13-15 (N.D. Cal. Feb. 29, 2016); *Chavez v. City of Hayward*, Case No. 14-cv-00470-DMR, 2015 WL 3833536, at *8 (N.D. Cal. June 19, 2015) ("To show ratification, a plaintiff must prove that the 'authorized policymakers approved a subordinate's decision and the basis for it.'"); *id.* (holding that the fact that the officers were "exonerated" and did not receive discipline was insufficient to establish a policy, practice, or custom resulting in constitutional deprivations as "[t]he Ninth Circuit appears to require something more than a failure to reprimand to establish a municipal policy or ratification"). Thus:

With respect to Best's remaining state law claims, the Court has already determined that Best's state law claims were time barred for failure to timely file a government tort claim. (*See generally* Dkt. No. 46.) As explained above, because the claims against Cash are brought in his official capacity, the claims are actually made against Sonoma County and therefore, must be dismissed based on the reasoning articulated in the prior Order.

Thus, in light of the preceding analysis, the Court finds that any amendment as to these claims would be futile. Accordingly, the Court **GRANTS** the motion to dismiss, and **DISMISSES WITH PREJUDICE** these claims as to Cash. Cash is further **DISMISSED** from this action.

Dismissal as to the Section 1983 *Monell* Claim: **GRANTED**. In the operative amended complaint, Best brings claims against Sonoma County based on section 1983 *Monell* claim.

In general, municipalities can be sued directly under section 1983 only where the alleged unconstitutional conduct is the result of an official policy, pattern, or practice. *Monell,* 436 U.S. at 690. "[A] municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation." *Harris*, *supra*, 489 U.S. at 389; *Bd. of the Cnty. Comm'rs. of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). A plaintiff must show a sufficient causal connection between the enforcement of the municipal policy or practice and the violation of his

10

federally protected right. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Connick v. Thompson*, 563 U.S. 51, 60 (2011). *Monell* liability can be shown by alleging facts that establish a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity." *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005) (internal quotations and citations omitted). "Municipal liability may arise when an unwritten custom becomes so 'persistent and widespread' that it constitutes a 'permanent and well settled [municipal] policy.'" *Talib v. Guerrero*, 2016 U.S. Dist. LEXIS 142754 at 21 (C.D. Cal. July 27, 2016), citing *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, *supra*, 99 F.3d at 918. "[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." *Brown*, *supra*, 520 U.S. at 405.

Here, Best's section 1983 claims are based on the following allegations: (1) installing a surveillance system that did not record; (2) "Inadequate training and standards"; and (3) "Doing Nothing About the Original Incident; Having a 'De Facto' Policy of Deliberate Indifference to the Violation of Constitutional Rights." (*See* Dkt. No. 50 at 30.) In his opposition briefing, Best highlights that his *Monell* claim against Sonoma County is based on "*de facto* policies, practices, and customs of the Sheriff's Office employees to commit, as matters *of de facto* policy, torture, battery, violations of the fourteenth amendment 'equal protection under law' clause, and negligence." (*See* Dkt. No. 57 at 9, 10.)

These allegations do not persuade. Best has not identified any statute that imposes a duty on the jail to have a surveillance system that records. With respect to training and standards, Best has not specifically identified any training policies or "standards" that are allegedly unconstitutional and the moving force behind the jail incident, nor has Best identified any prior instances of inadequate training that could reasonably establish a custom that caused the incident. Finally, Best's claim that the Sheriff's Office did nothing regarding the jail incident is insufficient to establish a practice or custom of encouraging unreasonable use of force. At a minimum, Best

11

was required to identify with specificity the policy, practice, or custom that caused his constitutional deprivation and allege facts demonstrating that such policy did in fact exist and contributed to his injuries. *Erdman*, 926 F.2d at 882. Best did not meet this minimum.

Instead, Best refers to three incidents in which a Sheriff's employee allegedly used force, in an attempt to establish a custom or practice. (*See* Dkt. No. 50 at 19-20, 21-22.) As Sonoma County defendants point out, aside from one incident that occurred in November 2019, in which a carotid hold was used, the alleged incidents involve entirely different circumstances and types of force. *See Turano v. County of Alameda*, 2018 WL 3054853 at *10 (N.D. Cal. June 20, 2018) (alleging a prior similar lawsuit which resulted in settlement is insufficient to establish *Monell* liability – "At best, the lawsuit and settlement show that Defendant Alameda County was aware of the issue, but it does not demonstrate that there was a custom, policy, or practice of failing to provide feminine hygiene products"). Best does not allege that any of these claims resulted in findings of unconstitutional conduct or were the result of a specific County policy, practice or custom which was also the moving force behind Best's incident.

Thus, in light of the preceding analysis, the Court finds that any amendment as to these claims would be futile. Accordingly, the Court **GRANTS** the motion to dismiss, and **DISMISSES WITHOUT PREJUDICE** these claims as to Sonoma County. Sonoma County is further **DISMISSED** from this action. If other facts are discovered, Best can always petition the Court for leave to amend.

Dismissal as to Certain Claims Against Smith: **GRANTED**. In the operative amended complaint, Best brings claims against Smith based on: (1) a violation of the Eighth Amendment; (2) a violation of the Fourth Amendment; (3) 42 U.S.C. section 1983; (4) California Penal Code section 149 – Unlawful Beating by a Peace Officer; (5) California Penal Code section 206 – Torture; (6) California Penal Code section 243(d) – Aggravated Battery; and (7) 18 U.S. Code section 113: Aggravated Assault, Battery and Torture. For purposes of the motion, Sonoma County defendants concede that Best sufficiently pled a claim against Smith for violation of the Fourth Amendment, brought pursuant to 42 U.S.C. § 1983, as the operative complaint alleges that the use of force occurred during the booking process within hours of Best's arrest. However,

12

1    Sonoma County defendants otherwise challenge (1) the Eighth Amendment claim, and (2) the

2    remaining claims based on violations of various criminal statutes.

3          With respect to Best's Eighth Amendment claim, Best cannot state such a claim against

4    Smith as it is duplicative. Rather, the Fourth Amendment provides the explicit textual source of

5    constitutional protection for allegations of excessive force in the course of an arrest, investigatory

6    stop, or other 'seizure' of a free person. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979);

7    *Graham v. Connor*, 490 U.S. 386, 395 (1989). Specifically, force that occurs during the booking

8    process at jail, such was the case here, is within the part of the custody continuum that is

9    considered in the course of an arrest. *Wroth v. County of Sonoma*, 2015 WL 3903023, at *2-3

10   (N.D. Cal. June 24, 2015) (holding that use of force which occurred during the booking process at

11   the jail was subject to Fourth Amendment review). Thus, Best's Eighth Amendment claim

12   asserted against Smith is appropriately dismissed.

13         With respect to the remaining claims based on violations of various criminal statutes, Best

14   cannot state such claims. California Penal Code sections 149, 206, 243(d) and 18 U.S.C. section

15   113 are criminal statutes which do not establish an individual civil tort remedy. "California Penal

16   Code section 149 provides only criminal punishment, not a private right of action for damages.

17   This Court is unaware of any grounds for a private right of action arising from a penal code

18   section." *Flowers v. County of Fresno*, 2009 WL 1034574, at *7 (E.D. Cal. April 16, 2009).

19   "Such a private right of action exists only if the language of the statute or its legislative history

20   clearly indicates the Legislature intended to create such a right to sue for damages. If the

21   Legislature intends to create a private cause of action, we generally assume it will do so directly in

22   clear, understandable, unmistakably terms." *Id*. (citing *Vikco Ins. Servs., Inc. v. Ohio Indem. Co*.

23   70 Cal.App.4th 55, 62-63 (1999) (internal citations omitted)). Accordingly, Best's claims brought

24   under various criminal statutes do not provide for an individual civil tort remedy and are

25   appropriately dismissed.

26         Thus, in light of the preceding analysis, the Court finds that any amendment as to these

claims would be futile.[1]  Accordingly, the Court **GRANTS** the motion to dismiss, and **DISMISSES WITH PREJUDICE** these claims as to Smith.  Smith otherwise remains a party in this action.

Claims Against the State of California: Finally, Best now asserts in the operative amended complaint several state tort causes of action against a new party, the State of California.  As of the date of this Order, California has not yet been served because the Court has not conducted a screening of the complaint, as required when a party is, as here, proceeding *in forma pauperis*.  Having reviewed such state law claims asserted against the State of California, the Court finds that the Court's prior Order is dispositive as to these claims.  (Dkt. No. 46.)  In other words, Best's state law claims are time barred.  Accordingly, the Court **DISMISSES WITH PREJUDICE** these claims as to the State of California.  The State of California is further **DISMISSED** from this action.

## IV.  CONCLUSION

For the foregoing reasons, Sonoma County defendants' motion to dismiss is **GRANTED**, and Hereby Orders as follows:

1. The claims as to defendants Andrew Cash, Rich Celli, Ronald Chestnut, and the State of California are **DISMISSED WITH PREJUDICE** and these parties are further **DISMISSED** from this action;

2. The claims as to defendant Sonoma County Sherriff's Department (Sonoma County) are **DISMISSED WITHOUT PREJUDICE** and Sonoma County Sherriff's Department (Sonoma County) is further **DISMISSED** from this action; and

3. The Eighth Amendment claim and the claims based on violations of state and federal criminal statutes as to Virgil Smith are **DISMISSED WITH PREJUDICE**.

In light of the above, the Fourth Amendment section 1983 claim asserted against Smith

---

[1] To the extent that Best suggests that he could amend his complaint to sue Smith in his official capacity, rather than Sonoma County, for the same claims that he is currently alleging against Sonoma County, such an amendment would be futile.  As previously noted, official capacity suits are no different than suing the entity itself.  *Butler*, 281 F.3d at 1026 n.9; *Vance*, 928 F.Supp. at 996.  Best has not demonstrated that he can state a viable claim against Sonoma County and therefore, leave to amend to state the same claims against Smith in his official capacity would be futile.  Moreover, the state law claims against Sonoma County have already been dismissed as time barred.  (*See generally* Dkt. No. 46.)

14

will proceed beyond the motion to dismiss. The Court **HEREBY SETS** the following schedule: (1) Smith's answer with regard to the remaining Fourth Amendment section 1983 claim is due **on or before October 9, 2020**; and (2) a case management conference shall be held via the Court's Zoom platform **on October 26, 2020**. The parties are reminded to comply with the filing of a case management statement five business days prior to the date of the case management conference.

This Order terminates Docket Number 51.

**IT IS SO ORDERED.**

Dated: September 14, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**