**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRIAN BEST**,<br><br>        Plaintiff,<br><br>   v.<br><br>**VIRGIL SMITH**,<br><br>        Defendant. | Case No.  4:19-cv-02252-YGR<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE MOTION TO PRODUCE; (2) DENYING WITHOUT PREJUDICE MOTION FOR PROTECTIVE ORDER; AND (3) GRANTING IN PART MOTION TO AMEND OR CORRECT COMPLAINT**<br><br>Re: Dkt. Nos. 65, 66, 68 |

*Pro se* plaintiff Brian Best has filed three motions before the Court: (1) a motion to produce certain evidence (Dkt. No. 65); (2) a motion for a protective order (Dkt. No. 66); and a motion to amend or correct the complaint. (Dkt. No. 68.)  For the reasons stated during the case management conference held on October 26, 2020, and for the reasons stated and confirmed below, the Court **DENIES WITHOUT PREJUDICE** these motions.

<u>Motion to Produce</u>. As discussed at the case management conference, at this stage, the motion to produce is premature.  The parties have only begun to engage in discovery.  To the extent that there are any discovery disputes, the parties should attempt in good faith to resolve such disputes first, and thereafter follow the Court's Standing Order in Civil Cases, which requires the submission of a joint letter brief not to exceed four (4) pages.  *See* Standing Order in Civil Cases, Paragraph 8(B).  Thus, the motion to produce is **DENIED WITHOUT PREJUDICE**.

<u>Motion for Protective Order</u>.  As discussed at the case management conference, the Court routinely enters the model stipulated protective order for standard litigation.  The addition of several extraneous paragraphs to the model order by Mr. Best is not warranted in this instance.  Accordingly, the motion for protective order is **DENIED WITHOUT PREJUDICE**.  The parties may refile the model stipulated protective order for standard litigation for the Court's consideration.

<u>Motion to Amend or Correct the Complaint</u>.  Based on the discussions during the case

management conference, the Court **GRANTS IN PART** the motion to amend or correct the complaint. Accordingly, the Court provides Mr. Best leave to amend his operative complaint in order to give him the opportunity to file a **simple, concise and direct** Third Amended Complaint which:

1. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:
   a. Set forth **each claim** in a separate numbered paragraph;
   b. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and
   c. Identify the injury resulting **from each claim**;
2. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action;
3. **Does not** make conclusory allegations linking each Defendant by listing them as having "direct involvement" to his claims without specifying how each Defendant was linked through their actions;
4. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and
5. **Does not** name Doe Defendants because any claims against Doe Defendants were dismissed without prejudice to Mr. Best moving for leave to amend to add them as named defendants once he learns their identities.

Within **twenty-eight (28) days** from the date of this Order, Mr. Best shall file his Third Amended Complaint as set forth above. Because the Third Amended Complaint completely replaces the original complaint, Mr. Best must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original or prior complaints by reference. Mr. Best is further advised not to include claims or defendants that have already been dismissed with prejudice, but

may include any such claims or defendants that were only dismissed without prejudice (e.g. the *Monell* claim). A response from defendant(s) is due within **twenty-one (21) days from the receipt** of the Third Amended Complaint.

This Order terminates Docket Numbers 65, 66, and 68.

**IT IS SO ORDERED**.

Dated: November 13, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**