UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN BEST**,<br><br>        Plaintiff,<br><br>   v.<br><br>**VIRGIL SMITH**,<br><br>        Defendant. | Case No. 4:19-cv-02252-YGR<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME, DENYING MOTION FOR SANCTIONS, AND DEEMING WITHDRAWN DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. Nos. 83, 85, 88 |

*Pro se* plaintiff Brian Best filed a motion for extension of time in which to file a third amended complaint on January 8, 2021, (Dkt. No. 83.) and a motion for sanctions filed on January 29, 2021. (Dkt. No. 85.) Defendant Virgil Smith filed a discovery letter brief detailing ongoing discovery issues in this matter. (Dkt. No. 88.) The motions came on for hearing and were heard by the Court on March 5, 2021 by Zoom videoconference.

Having carefully considered the briefing and arguments submitted in this matter, and for the reasons set forth in full detail on the record, the Court **HEREBY ORDERS** as follows: the motion for extension of time in which to file a third amended complaint is **DENIED**; the motion for sanctions is **DENIED**; and the discovery letter brief is **DEEMED WITHDRAWN** in light of defendant's counsel's representations at the hearing.

Moreover, the Court further **STATES** and **ORDERS** as follows:

- The Court **REFERS** discovery in this action to Magistrate Judge Donna M. Ryu;
- By noon on **Monday, March 8, 2021**, the parties are to meet and confer and exchange two-pages each detailing any and all ongoing discovery disputes that they would like to address with Magistrate Judge Ryu. Counsel for defendant is thereafter instructed to combine these pages together and to file this on the docket by the close of business on **Monday, March 8, 2021**; and

- To the extent Mr. Best wishes to amend his complaint, he shall file a separate motion requesting leave to file a third amended complaint. Any such motion shall follow the Federal Rules of Civil Procedure (specifically, Rules 15 and 16) and shall detail the good cause, if any, for the filing of the third amended complaint. Best is instructed to ensure that the proposed third amended complaint is filed as an attachment to his motion. Mr. Best is further reminded that instructions on drafting a third amended complaint can be found in the Court's previous Order at Docket Number 74 at pages 2 to 3, which relevantly states as follows:

> Accordingly, the Court provides Mr. Best leave to amend his operative complaint in order to give him the opportunity to file a **simple, concise and direct** Third Amended Complaint which:
>
> 1. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:
>
>    a. Set forth **each claim** in a separate numbered paragraph;
>
>    b. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and
>
>    c. Identify the injury resulting **from each claim**;
>
> 2. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action;
>
> 3. **Does not** make conclusory allegations linking each Defendant by listing them as having "direct involvement" to his claims without specifying how each Defendant was linked through their actions;
>
> 4. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and
>
> 5. **Does not** name Doe Defendants because any claims against Doe Defendants were dismissed without prejudice to Mr. Best moving for leave to amend to add them as named defendants once he learns their identities.
>
> . . . . Because the Third Amended Complaint completely replaces the original complaint, Mr. Best must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original or prior complaints by reference. Mr. Best is further advised not to include claims or defendants that have already been

dismissed with prejudice, but may include any such claims or defendants that were only dismissed without prejudice (e.g. the *Monell* claim).

This Order terminates Docket Numbers 83, 85, and 88.

**IT IS SO ORDERED.**

Dated: March 5, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

**CC: MAGREF EMAIL; MAGISTRATE JUDGE DONNA M. RYU**