UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN BEST**,<br><br>        Plaintiff,<br><br>    v.<br><br>**VIRGIL SMITH**,<br><br>        Defendant. | Case No.  4:19-cv-02252-YGR<br><br>**ORDER DENYING MOTION TO STRIKE AND RESETTING MOTION FOR SUMMARY JUDGMENT BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 96, 100 |

*Pro se* plaintiff Brian Best filed a motion to strike defendant Virgil Smith's motion for summary judgment.  (*See also* Dkt. Nos. 96 (motion for summary judgment), 100 (motion to strike).)  Having carefully considered the briefing, the motion to strike is **DENIED**.  Mr. Best's arguments are more appropriately included in an opposition to the pending motion for summary judgment, and otherwise present at this time no appropriate basis or ground for the striking of the pending motion for summary judgment.

Moreover, a review of the docket confirms that the parties are engaged in discovery in this matter, and that several depositions are scheduled for April and May 2021.  Because of the ongoing discovery, as well as Mr. Best's *pro se* status, the Court **RESETS** the briefing schedule on the motion for summary judgment as follows: Mr. Best shall file an opposition to the motion for summary judgment on or before **June 18, 2021**; Mr. Smith shall file a reply in support of the motion for summary judgment on or before **July 9, 2021**; and the motion shall be heard on the Court's regular motion calendar on **Tuesday, July 27, 2021** at **2:00 PM PDT**.

Finally, Ninth Circuit authority indicates that self-represented plaintiffs should be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions.  *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v.*

1  *Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012).  Accordingly, the Court provides the following
2  notice to Mr. Best:

> Defendant is making a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which, if granted, will end your case by granting judgment in favor of Defendant.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  **Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e).**  The evidence in those documents must contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment may be entered against you.  If summary judgment is granted in favor of the defendant, your case will be dismissed and there will be no trial.

*See Rand*, 154 F.3d at 962-63 (emphasis supplied).  It is not uncommon, or oppressive, for motions for summary judgment to be lengthy as they must be accompanied by actual evidence as discussed above.

To the extent the Court has not already advised Mr. Best, he is reminded that the District Court has produced a guide for self-represented/*pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial.  It is available electronically online at https://www.cand.uscourts.gov/pro-se-litigants/.

Mr. Best is further reminded of the Legal Help Center.  Assistance is available through the Legal Help Center.  Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance.  The Help Center does not see people on a "drop-in" basis, and will not be able to represent parties in their cases.  There is no charge for this service. To make an appointment with the Legal Help Center, Mr. Best may: (1) call 415-782-8982; or (2) email federalprobonoproject@sfbar.org.  The Help Center's website is available at https://cand.uscourts.gov/legal-help.

This Order terminates Docket Number 100.

**IT IS SO ORDERED.**

Dated: April 26, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE