1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRIAN BEST**, <br><br> Plaintiff, <br><br> v. <br><br> **VIRGIL SMITH**, <br><br> Defendant. | Case No.  4:19-cv-02252-YGR <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Dkt. No. 96 |

Plaintiff Brian Best brings this action against defendant Virgil Smith, alleging violation of his constitutional rights under the Fourth Amendment of the United States Constitution.  (Dkt. No. 50.)

Now before the Court is defendant's motion for summary judgment.  (Dkt. No. 96.)  The matter was fully briefed by the parties.  (*See also* Dkt. Nos. 106 and 108.)

Having carefully considered the briefing submitted, the pleadings in this action, oral argument, and for the reasons stated on the record at the July 27, 2021 hearing, the Court hereby **DENIES** defendant's motion for summary judgment.[1]  The Court further **DENIES** defendant's request for judicial notice as moot.

Defendant moved for summary judgment on three grounds: (1) that Best's claim is barred by statute of limitations; (2) that defendant used reasonable force; and (3) that qualified immunity applies.

With respect to the statute of limitations argument, the Court finds that Best's claim is not barred by the statute of limitations.  The parties do not dispute that Best was arrested on April 24,

---

[1] The parties do not dispute any of applicable standards for this motion.  Thus, the Court will not recite the standards here.

United States District Court
Northern District of California

1   2017 and held in custody until April 25, 2017.  Because 42 U.S.C. Section 1983 does not contain

2   its own limitation period, courts apply the two-year statute of limitations for personal injury

3   matters to Section 1983 claims.  *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing

4   *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985), *superseded by statute on other grounds as stated

5   in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-78 (2004)); *see also Maldonado v.

6   Harris,* 370 F.3d 945, 954 (9th Cir. 2004).  Notwithstanding that, federal courts must give effect to

7   a state's tolling provisions.  *Hardin v. Straub*, 490 U.S. 536, 543–44 (1989).  California tolls the

8   statute of limitations period for up to two years when a person is imprisoned on a criminal charge.

9   *See* California Civil Procedure § 352.1.  Thus, in the Ninth Circuit, tolling is triggered by a

10  person's arrest and continues while they remain incarcerated.  *See Elliott v. City of Union City*, 25

11  F.3d 800, 802-03 (9th Cir. 1994); *Boag v. Chief of Police*, 669 F.2d 587, 589 (9th Cir. 1982).

12  Because Best was not released from custody until April 25, 2017, the statute of limitations period

13  did not begin to run until then.  Given that, the statute of limitations did not expire until April 25,

14  2019, the same day Best filed this action.  Accordingly, the Court **DENIES** defendant's motion for

15  summary judgment on this ground.

16       Having found that Best's claim is not barred on statute of limitations grounds, the Court

17  now addresses defendant's argument that summary judgment is appropriate because his actions

18  were objectively reasonable.  Viewing the evidence in the light most favorable to the non-moving

19  party, Best, the Court finds that genuine issues of material facts exist as to whether defendant's

20  actions were reasonable.  First, the parties dispute the nature and quality of force used.  Best

21  argues that defendant used great force when defendant put him in a rear naked choke form (carotid

22  hold) and drove him to the ground.  According to Best, such force caused him to lose his

23  consciousness for a brief period.  Defendant argues that he started to perform a carotid hold but

24  abandoned his efforts once Best moved his head because application of the hold was no longer

25  safe.  Instead, defendant argues that he only utilized a control hold, applying pressure only to

26  Best's shoulder and pushing him to the ground.  Defendant also argues that Best never lost

27  consciousness.  Viewing the facts in light most favorable to the non-moving party, the Court finds

28  that a genuine dispute remains as to the level, nature, and impact of the force used.

United States District Court
Northern District of California

1    Next, in evaluating the government's interests at stake, the parties dispute whether Best

2 posed as a threat to the officers.  Defendant argues that he reasonably concluded that Best posed a

3 threat to defendant and Deputy Fazzio because Best tensed his body, pulled away from Deputy

4 Fazzio's grasp, and turned to face her as he used an angry tone to tell her not to touch him.  Best

5 disputes this, arguing instead that his response was a natural reflex and did not involve him

6 extending any part of his body towards either officer.  The parties also dispute whether Best was

7 resisting arrest.  Viewing the evidence in the light most favorable to Best, a genuine dispute exists

8 as to whether Best posed a threat to the officers.

9    In sum, balancing Best's Fourth Amendment interest against the governmental interests at

10 stake, the Court finds that disputes of material facts preclude a finding that defendant's use of

11 force was objectively reasonable.  Accordingly, the Court **DENIES** defendant's motion for

12 summary judgment on this ground.

13    The Court now considers whether to grant defendant's motion for summary judgment on

14 the basis of qualified immunity.  Qualified immunity is a question of law, not of fact.  *Torres v.*

15 *City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008).  An officer is entitled to qualified

16 immunity if: (1) the disputed facts taken in the light most favorable to the party asserting the

17 injury do not show that the officer's conduct violated a constitutional right, or (2) the

18 constitutional right was not clearly established at the time of the incident.  *See e.g., CarePartners,*

19 *LLC v. Lashway*, 545 F.3d 867, 876 (9th Cir. 2008).  To be clearly established, "[t]he contours of

20 the right must be sufficiently clear that a reasonable official would understand that what he is

21 doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987.)

22    Here, viewing the evidence in the light most favorable to Best, defendant's actions could

23 be found by a jury to constitute excessive force.  Defendant applied a carotid hold to Best,

24 rendering him unconscious, when Best was not resisting arrest, and posed no threat to any of the

25 officers.

26    Assuming these facts for the purpose of the second part of the qualified immunity test,

27 there was clearly established precedent that would have made it sufficiently clear to defendant that

28 his actions were unconstitutional.  *Barnard v. Theobald*, 721 F.3d 1069, 1076 (9th Cir. 2003)

squarely addressed the constitutionality of the use of a chokehold on a non-resisting person.  In *Barnard*, officers placed a non-resisting individual in a chokehold as they tried to arrest him.  *Id*. at 1072.  The officers argued that they were entitled to qualified immunity as a matter of law because they believed plaintiff was resisting arrest.  The Ninth Circuit held that, at the time of the incident, "a reasonable officer would have known that it would clearly violate established law to use a chokehold on a non-resisting arrestee . . ."  *Id.* at 1073.  Applying *Barnard*, the Court finds that defendant is not entitled to summary judgment on the basis of qualified immunity.  Accordingly, defendant's motion is **DENIED** on this ground.

The parties are Ordered to appear for a pre-trial scheduling conference on **MONDAY, AUGUST 30, 2021 AT 2:00 PM**.

This order terminates Docket Number 96.

**IT IS SO ORDERED.**

Dated: July 30, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

United States District Court
Northern District of California

4