IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGE D. METZ, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-56-ECM-SMD |
| | ) | |
| D. BRIDGES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## UNIFORM SCHEDULING ORDER

**Please read this order carefully. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted only in extraordinary and unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, which can be found at http://www.almd.uscourts.gov/.**

Under Federal Rule of Civil Procedure 16, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is

ORDERED as follows:

**SECTION 1. Trial date.** This case will be scheduled for trial, as may be necessary, by the assigned United States District Judge. The parties are advised that, if this case is scheduled for trial, the District Judge will assign this case to his next available civil term and will issue a supplemental Scheduling Order providing deadlines relating to trial.

**SECTION 2. Dispositive Motions.** Any dispositive motions—e.g., a motion to dismiss or a motion for summary judgment—shall be filed no later than **January 12, 2024.** A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. **Failure to make specific references may result in the evidence not being considered by the court.**

**SECTION 3. The Parties' Settlement Conference.** On or before **December 29, 2023,** defendants and plaintiff shall conduct a face-to-face settlement conference during which counsel for defendants and plaintiff shall engage in good-faith settlement negotiations. If settlement cannot be reached, the parties shall also discuss whether mediation will assist in reaching settlement. Within **five (5) business days** after this conference, defendants' counsel shall file a notice titled "Notice Concerning Settlement Conference and Mediation." This notice shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.

**SECTION 4. Amendments to Pleadings**. Any motions to amend pleadings and to add parties shall be filed no later than **May 25, 2023,** by plaintiff and **June 22, 2023,** by defendants.

**Responses to Motions.** The failure to file a response to any motion—either dispositive or non-dispositive—within the time allowed by the Court shall indicate that there is no opposition to the motion.

**SECTION 5. Discovery Cutoff.** All discovery shall commence immediately and be completed on or before **December 15, 2023.** The discovery completion deadline is the outermost date on which all discovery efforts will conclude. The parties are cautioned against waiting until late in the discovery period to schedule depositions or to serve written discovery requests as a party's delay is not good cause for an extension of the discovery deadline. **Further, any discovery motion, including a motion to extend the discovery period, may be considered untimely and summarily denied if it is filed after November 17, 2023.** *See* FED. R. CIV. P. 16(b)(3)(A) ("The scheduling order must limit the time to . . . complete discovery[ ] and file motions."). The parties should consult the GUIDELINES TO CIVIL DISCOVERY PRACTICE IN THE MIDDLE DISTRICT OF ALABAMA for further guidance.

The parties must communicate with one another in good faith with respect to discovery matters. FED. R. CIV. P. 26(c); FED. R. CIV. P. 37(a)(1). Prior to filing a motion to compel, the parties must attempt to resolve the matter via a face-to-face meeting or telephone conference where a meaningful exchange may be had. Failure to certify within a motion to compel that the meeting has occurred may result in denial of the motion.

**SECTION 6. Expert Witness Disclosures.** The parties shall disclose to each other the identity of any person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involve giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure as follows:

    **From Plaintiff:**    September 15, 2023
    **From Defendants:**   October 16, 2023

   The parties must comply with all requirements of Rule 26(a)(2) regarding disclosure of expert testimony, and the disclosure will be considered to be in compliance with the rule unless an objection is filed within 14 days after disclosure.

### SECTION 7.  NOTICE TO PRO SE PLAINTIFF

   The Federal Rules of Civil Procedure require that a plaintiff proceeding pro se mail to the lawyer for the defendants or, if no attorney has appeared on behalf of the defendants, the defendants themselves, a copy of *anything* that the plaintiff sends to or files with the Court.  Failure to do so may result in dismissal of the case or other penalties.  Anything filed with the Court must contain a certificate of service that specifically states that the pleading or other document has been sent to the lawyer for the defendants or the defendants themselves if no attorney has appeared on behalf of the defendants.

### SECTION 8.  GENERAL PROVISIONS

   (A)  All briefs on any matter before the Court must be formal in format and filed with the Court.  The Court does not accept "letter briefs" or "letter reports."

   (B)  A request or motion for extension of a deadline in any Court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii) must state whether counsel for all other parties agree to or oppose the extension request or motion.  A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met.  Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

   (C) Any proposed order that a party desires the Court to enter should be submitted to the Court by both (i) attaching the proposed order in Adobe Acrobat PDF format to a motion filed with the Court; and (ii) transmitting a Word format electronic copy of the proposed pretrial order to the Court as an attachment to an email message sent to propord_doyle@almd.uscourts.gov.

   (D)  If any party has an objection to these deadlines, the party should inform the Court within **fourteen (14) days** from the date of this order; otherwise, the Court will assume that the deadlines are agreeable to all parties.  The provisions set out in this order are binding on the parties unless modified by subsequent order of the Court.

(E)  If a party is represented by an attorney, all communication or correspondence must be directed to that party's lawyer. A party may not contact another party who is represented by an attorney and shall communicate with that party only through the party's attorney of record. Also, if a party contacts the judge or judge's chambers staff by telephone, all parties or their counsel must participate in the call. This requirement does not apply to a party's communications with the Office of the Clerk of Court.

DONE this 13th day of April, 2023.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE