UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN BEST,**<br>Plaintiff,<br>vs.<br>**VIRGIL SMITH**<br>Defendant. | CASE NO. 4:19-cv-2252-YGR<br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Dkt. No. 232 |

Pending before the Court is plaintiff Brian Best's Amended Motion for Mistrial. (Dkt. No. 232.) Given the timing of the motion, and the Court's previous consideration of plaintiff's Motion for Mistrial, *see* Dkt. No. 231, the Court liberally construes plaintiff's current motion as a motion for reconsideration and notes that plaintiff submitted a neuropsychological evaluation report by his doctor Christine Naber dated April 22, 2022. (Dkt. No. 232.)

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. As of 2009, the Federal Appellate Rule 4's deadline to file a motion for reconsideration under Rule 59(e) is twenty-eight days. *See Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013). Plaintiff's present motion was filed on August 25, 2022. (Dkt. No. 232.) However, the Court's final order denying plaintiff's Motion for a Mistrial was issued on July 26, 2022, thirty days before plaintiff filed his motion. Thus, plaintiff's motion was filed past the twenty-eight-day period and is therefore untimely under Rule 59.

Federal Rule of Civil Procedure 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(c)(1). Rule 60(b) provides for relief where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have

been discovered in time to move under Rule 59(b); (3) fraud, misrepresentation or misconduct by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Rule 60(b)(6)'s "catchall provision" applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *See Jones v. Ryan*, 733 F.3d 825, 839 (9th Cir. 2013). The movant "must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.*

Here, as an initial matter, the Court notes that plaintiff does not indicate under what provision of Rule 60(b) reconsideration is warranted. In any case, he presents no valid basis for reconsideration of the Court's previous order denying his initial motion for reconsideration. The Court notes that plaintiff attempts to relitigate many, if not all, of the same issues the Court previously addressed its order denying the same relief sought here. The Court incorporates herein, but does not repeat, its analysis from the Court's prior order. (*See* Dkt. No. 231.)

To the extent plaintiff intends to argue that reconsideration is warranted under Rule 60(b)(2) because Dr. Christine Naber's evaluation and report could not be obtained before trial, such argument fails. Dr. Naber's report does not change the Court's previous analysis. That is because, even had Dr. Naber submitted a report before trial, and been allowed to testify at trial, her testimony would have had no probative value as to the issue of whether the carotid hold was used on plaintiff in the first instance. Dr. Naber did not witness the incident, nor did she evaluate plaintiff shortly after the event to determine whether or not plaintiff's alleged injuries were consistent with use of the carotid hold. Instead, Dr. Naber saw plaintiff in March 2022, nearly five years after the incident took place. Accordingly, Dr. Naber's testimony would have been relevant, at most, to the damages phase of trial, not liability. Because plaintiff did not receive a verdict on liability in his favor, there was no damages phase of trial. Thus, Dr. Naber's report is no reason for reconsideration.

\*\*\*

For the foregoing reasons, plaintiff's motion is **DENIED**. The Court **DIRECTS** plaintiff to its

previous order outlining plaintiff's deadlines for appeal at Docket Number 231. Plaintiff is also warned that any future filings in this Court will be summarily denied and may result in the Court's revocation of plaintiff's ECF privileges.

This Order terminates Docket No. 232.

**IT IS SO ORDERED**.

Dated:  August 29, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**