# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN BEST,**<br>     Plaintiff,<br>vs.<br>**VIRGIL SMITH**<br>     Defendant. | CASE NO. 4:19-cv-2252-YGR<br><br>**ORDER DENYING SECOND MOTION FOR RECONSIDERATION**<br><br>Dkt. No. 234 |

Pending before the Court is plaintiff Brian Best's Second Motion for Reconsideration. (Dkt. No. 234.)

The motion largely attempts to relitigate issues already decided. (*See* Dkt Nos. 205, 206.) The only new argument that plaintiff raises is the timeliness of his first motion for reconsideration under Rule 59(e). Even liberally construing and accepting plaintiff's reasons for missing the 28-day deadline under Rule 59(e), plaintiff fails to establish that relief is warranted under Rule 59(e) because plaintiff merely rehashes prior arguments. Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Therefore, the motion is **DENIED**.

Again, plaintiff is warned that further frivolous filings may be summarily denied and result in the termination of his ECF privileges without further notice. Indeed, he has been warned two times that improper filings may result in termination of his ECF privileges. (Dkt. Nos. 223 & 233.)

This Order terminates Docket No. 234.

**IT IS SO ORDERED**.

Dated: October 25, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**